USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-24-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LEONID MIKITYANSKIY,

                      Plaintiff,               10 Civ. 6410 (PKC)

    -against-

                                         MEMORANDUM
                                         AND ORDER

PODEE, INC.,

                      Defendant,

UNITED STATES OF AMERICA,

                      Intervenor.
-------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        In an Order dated January 10, 2011, this Court granted plaintiff's motion for entry of a default judgment as to liability only. (Docket # 10.) For the reasons explained, the Order is vacated, and the Complaint is dismissed for failure to satisfy Rule 9(b), Fed. R. Civ. P.

        The plaintiff, who is an attorney, brought this qui tam action alleging that defendant Podee, Inc. ("Podee") falsely marked its products as protected by a patent that had, in fact, expired.[1] See 35 U.S.C. § 292(a). Plaintiff filed his Complaint on August 27, 2010. (Docket # 1.) On October 26, 2010, the plaintiff filed an affidavit of service, which reflected that Podee was served on October 16. (Docket # 3.) Podee did not

---

[1] This action is just one in a battery of false-marking litigations commenced by the plaintiff since August 2010. See also Mikityanskiy v. Cole Haan Holdings, Inc., et al., 10 Civ. 6003 (RMB); Mikityanskiy v. Bausch & Lomb, Inc., et al., 10 Civ. 6096 (RJH); Mikityanskiy v. Thermionics, Inc., 10 Civ. 6323 (LTS); Mikityanskiy v. Pure Fishing, Inc., et al., 10 Civ. 6780 (RMB); Mikityanskiy v. Vida Shoes Int'l, Inc., et al., 10 Civ. 6781 (JFK); Mikityanskiy v. Husqvarna Consumer Outdoor Prods. N.A., Inc., et al., 10 Civ. 7666 (RWS); Mikityanskiy v. Sears Roebuck & Co., et al., 10 Civ. 7667 (LBS); Mikityanskiy v. Buster Brown & Co., et al., 10 Civ. 8302 (RWS); Mikityanskiy v. Rowpar Pharma., Inc., 11 Civ. 698 (TPG); Mikityanskiy v. DMS Holdings, Inc., et al., 11 Civ. 1243 (PGG).

answer or appear, and on December 15, 2010, the plaintiff moved for entry of default as to liability only. (Docket # 6-8.) The Court granted the plaintiff's motion and set a date for an inquest as to damages. (Docket # 10.)

Less than a week before the scheduled inquest, a district court held that the qui tam provision of 35 U.S.C. § 292(a) violates the Take Care clause of Article II of the United States Constitution. Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc., __ F. Supp. 2d __, 2011 WL 649998 (N.D. Ohio Feb. 23, 2011), vacated and reaffirmed, 2011 WL 924341 (N.D. Ohio Mar. 14, 2011).[2] Unique Product based its holding on Pequignot v. Solo Cup Company, 608 F.3d 1356, 1363 (Fed. Cir. 2010), which concluded that section 292(a) requires intent to deceive the public on the part of the defendant, and that "[t]he bar for proving deceptive intent here is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine."

In light of Unique Product and the high standard for intent required by Pequignot, the Court adjourned the damages inquest and requested supplemental submissions from the plaintiff setting forth his position on whether 1.) the qui tam provision of 35 U.S.C. § 292 can be reconciled with the Take Care clause of Article II, and 2.) whether the Complaint's allegations satisfy Pequignot. (Docket # 12.) The plaintiff filed supplemental papers on April 8 and amended papers on April 19. (Docket # 14, 15, 18, 19.) After the Court granted it permission to intervene, the United States submitted a memorandum defending the constitutionality of 35 U.S.C. § 292. (Docket # 13, 16.)

---

[2] In Public Patent Foundation, Inc. v. GlaxoSmithKline Consumer Healthcare, L.P., 2011 WL 1142917, at *3-4 (S.D.N.Y. Mar. 22, 2011) (collecting cases), Judge Berman of this District concluded that the qui tam provision of section 292 is civil in nature, and not otherwise violative of the Take Care clause. For the reasons explained, I do not reach the Constitutional issue here.

Section 292 makes it unlawful to falsely claim that an item in commerce is protected by a patent:

> (a) . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s] hall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292. The plaintiff in this case alleges that defendant Podee distributes and sells baby bottles and related products. (Compl. ¶ 16.) According to the Complaint, certain products utilize "Podee's Hands-Free Feeding System technology," which was covered by U.S. Patent No. 4,898,290 (the "'290 Patent"). (Compl. ¶¶ 16-20.) Plaintiff asserts that the '290 Patent "expired no later than July 11, 2008." (Compl. ¶ 21.) The Complaint's central allegations are all made on information and belief. This includes the assertion that Podee manufactures and sells baby bottles, that Podee was assigned the '290 Patent and that the '290 Patent is now expired. (Compl. ¶¶ 16-21, 23-28.) The Complaint also alleges, upon information and belief, that Podee sells its falsely marked products "with the intent of deceiving the public about the patent coverage for these products." (Compl. ¶ 31.)

As support for its allegation that Podee intentionally deceived the public, the plaintiff notes that Podee promotes its products by emphasizing "the design and utilitarian qualities of its 'patented' baby bottles and baby bottle conversion kits," including claims such as, "Helps reduce reflux," "Helps reduce gas build-up and colic," "Helps reduce chance of ear infection," and that Podee's marketing also "lists other

perceived advantages." (Compl. ¶ 32.) Podee's website describes its products as "unique." (Compl. ¶ 33; emphasis in original.) The plaintiff has alleged, upon information and belief, that Podee "has falsely marked tens or hundreds of thousands of such unpatented articles" with the '290 Patent. (Compl. ¶ 39.) The Complaint annexes a receipt indicating the purchase of a product identified only as "BOTTL BPA FREE SNG" at 270 Seventh Avenue in Manhattan, which, the plaintiff alleges, shows his purchase of a falsely marked Podee product. (Compl. ¶ 49 & Ex. D.)

In Pequignot, the Federal Circuit discussed the intent requirement of section 292. As is the case here, an attorney commenced a qui tam action under section 292, alleging that the Solo Cup Company ("Solo") falsely marked more than 21 billion items, and that damages should be paid in a sum of $500 per item. 608 F.3d at 1359. The district court granted summary judgment to Solo, concluding that the evidence did not support an intent to deceive. Id. at 1360. On appeal, the Federal Circuit concluded that while an expired patent was "unpatented" within the meaning of the statute, merely selling an item falsely marked with a patent does not alone establish liability under section 292. Id. 1361-63. Rather, the combination of a false marking and the defendant's knowledge of a false marking create a rebuttable presumption of intent to deceive, "rather than irrebuttably proving such intent." Id. at 1362-63. "Because the statute requires that the false marker act 'for the purpose of deceiving the public,' a purpose of deceit, rather than simply knowledge that a statement is false, is required." Id. (quoting 35 U.S.C. § 292(a)). "Thus, mere knowledge that a marking is false is insufficient to prove intent if Solo can prove that it did not consciously desire the results that the public be deceived." Id.

Pequignot separately concluded that the presumption of an intent to deceive "is weaker" when – as is alleged here – a claim is directed toward expired patent markings: "After all, the products were once patented." Id. at 1364.

The Federal Circuit has subsequently held as a matter of first impression that a false marking claim must satisfy the heightened pleading standard of Rule 9(b), Fed. R. Civ. P. In re BP Lubricants USA Inc., 637 F.3d 1307 (Fed. Cir. Mar. 15, 2011); accord Juniper Networks, Inc. v. Shipley, __ F.3d __, 2011 WL 1601995, at *3-6 (Fed. Cir. Apr. 29, 2011) (applying Rule 9(b) to false marking claim). Rule 9(b) states in full: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In BP Lubricants, the Federal Circuit concluded that "[p]ermitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." 637 F.3d at 1311. While knowledge and intent "may be averred generally," and a plaintiff may plead upon information and belief, a complaint also must "provide some objective indication to reasonably infer that the defendant was aware that the patent expired." Id. Bare allegations of an entity's sophistication and its experience with patents do not suffice under Rule 9(b). Id. at 1312. Similarly, the mere allegation that a defendant falsely marked its patents is inadequate to allege deceptive intent. Id.

The Complaint in this action fails to adequately allege a violation of section 292. Nearly every material allegation is made on information and belief. This includes allegations of readily available facts, such as the assertion that Podee sells baby

bottles and falsely marks its products with the '290 Patent. (Compl. ¶¶ 16-17, 23-28.) Plaintiff also alleges, upon information and belief, that Podee owned the '290 Patent and that the patent expired in 2008. (Compl. ¶¶ 18-21.) "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1330 (Fed. Cir. 2009). Many key factual allegations are not uniquely within another party's control, and some, such as the expiration of the '290 Patent, are unsupported by allegations of "specific facts" to support the belief. Id.

The Complaint also fails to allege an intent to deceive that satisfies BP Lubricants and Pequignot. Plaintiff's allegations of deceptive intent consist of marketing phrases that tout the benefits of Podee products. That Podee tells consumers that its product "[h]elps reduce reflux" or "[h]elps reduce gas build-up and colic" appears to have no bearing on whether the defendant has falsely asserted patent protections with the intention of deceiving the public. (Compl. ¶¶ 32-33.) Similarly, as held by BP Lubricants, the allegation that Podee has prior experience with patent applications is, standing alone, inadequate to allege intentional deception under Rule 9(b). See 637 F.3d at 1312 (the "bare assertion" "that [a defendant] is a 'sophisticated company and has experience applying for, obtaining, and litigating patents'" does not satisfy Rule 9(b), because it "provides no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired.").

Because the Complaint does not adequately allege an intent to deceive, and because many of its other allegations brought on information and belief are inadequate, the Complaint is dismissed.

CONCLUSION

This Court's Order of January 10, 2011 is VACATED. (Docket # 10.) The Complaint in this action is DISMISSED.

The damages inquest scheduled for June 1, 2011 is VACATED. (Docket # 12.)

The plaintiff may move to amend the complaint within 30 days of the date of this Memorandum and Order. A copy of a proposed amended complaint must be annexed to his motion.

The plaintiff is ordered to properly serve the defendant with both its motion to amend and a copy of this Memorandum and Order, and to file proof of service with the Court.

If no motion to amend is filed within 30 days of the date of this Memorandum and Order, the Clerk is directed to terminate this action and enter judgment for the defendant.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 24, 2011